# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs November 23, 2010

## STATE OF TENNESSEE v. STEVEN W. BLACK

### Appeal from the Criminal Court for Union County
### No. 3902     E. Shayne Sexton, Judge

---

### No. E2010-00924-CCA-R3-CD - Filed January 13, 2011

---

The Defendant, Steven W. Black, pleaded guilty to two counts of Class E felony forgery and one count of theft under $500, a Class A misdemeanor. See Tenn. Code Ann. §§ 39-14-103, -105, -114. The trial court sentenced the Defendant as a Range I, standard offender to two years for each felony conviction and eleven months and twenty-nine days for the misdemeanor conviction. The trial court ordered that the two felony sentences be served consecutively for a total effective sentence of four years. In this appeal, the Defendant contends that: (1) the trial court erred in imposing consecutive sentences; (2) the trial court imposed an excessive sentence and erred by weighing one enhancement factor heavily and minimizing one mitigating factor; and (3) the trial court erred in not recusing itself due to the conflict created when the judge presided over both the Drug Court and the Defendant's sentencing hearing. After our review, we affirm the judgments of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed

DAVID H. WELLES, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Martha J. Yoakum, District Public Defender; Tina Sloan and Benjamin Pressnell, Assistant Public Defenders, LaFollette, Tennessee, for the appellant, Steven W. Black.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Paul Phillips, District Attorney General; and Tracy Jenkins, Assistant District Attorney, for the appellee, State of Tennessee.

## OPINION

### Factual Background

On October 5, 2009, the Defendant pleaded guilty to two counts of Class E felony forgery and one count of misdemeanor theft. The underlying facts as stated in the Defendant's presentence report are as follows:

[On September 26, 2009,] during the course of an investigation of a theft of property it was discovered that the Defendant did take a wood splitter from the owner[']s (Mr. William Black)[1] place of business without his consent[.] It is further believed that the Defendant did also take two checks from Mrs. William Black and signed her name to them with[]out her consent. It was found that the Defendant did sell the wood splitter to Mr. Johnny Hubbs. The Defendant also phoned [a Maynardville Police sergeant] on [September 26, 2009,] with a statement that he had a problem[,] that he had taken from his family to support his habit and he needed help with his problem.

The "interim" judgment forms, dated October 5, 2009, state: "Sentencing deferred pending Drug Court acceptance." The Defendant was accepted to participate in the Eighth Judicial District's Drug Court program but quit a few months after beginning it. Thus, the trial court conducted a sentencing hearing on March 29, 2010.

No proof other than the presentence report was introduced at the hearing. The presentence report reflected that the Defendant, who was thirty-three years old, had been convicted of the following offenses: attempted forgery over $1,000, misdemeanor theft, underage consumption, illegal consumption, and public intoxication. The Defendant also had three convictions for driving under the influence and three convictions for possession of a Schedule VI controlled substance. On three prior occasions, the Defendant's probation had been revoked due to violations of conditions of that probation.

The report also indicated that the Defendant had participated in drug treatment programs on four different occasions. The Defendant gave the following statement to the probation officer who completed his presentence report:

By my using drugs has caused me to make many bad decisions in my life. I am not proud of the mistakes I have made. I have made my family very upset with me, but they are still behind me to straighten my life up. One of these days I will grow up[.] I think it will be so[o]ner than later.

The victims of the Defendant's crimes, his parents, Evelyn and William Black, provided victim impact statements. Regarding sentencing, Mrs. Black stated as follows:

---

[1] Mr. William Black is the Defendant's father.

Jail might not be the answer. But probation will also not work. No job[,] no transportation, he sold his truck, which his Dad bought, to finance his habit. I wish there would be a "real" drug re-hab available . . . . Steven is almost 34 years old, I don't know what is left for him.

In his victim impact statement, Mr. Black wrote, "I don't think probation will work. The last time he was on probation, he was violated, and had to spen[d] 16 months in jail[.] [A]fter his release, about 6 months later, I and my wife had him arrested."

The trial court sentenced the Defendant as a Range I, standard offender to two years for each forgery conviction and to eleven months and twenty-nine days for his misdemeanor theft conviction. The trial court ordered that each of his felony convictions be served consecutively for a total effective sentence of four years. The Defendant now appeals.

**Analysis**

**I. Sentencing**

The Defendant contends that the trial court erred when it imposed consecutive sentences for his two felony convictions. He also asserts that the trial court imposed an excessive sentence and improperly weighed the applicable enhancement and mitigating factors.

On appeal, the party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Comments; see also State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). When a defendant challenges the length, range, or manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record with a presumption that the determinations made by the court from which the appeal is taken are correct. Tenn. Code Ann. § 40-35-401(d). However, this presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999); see also State v. Carter, 254 S.W.3d 335, 344-45 (Tenn. 2008). If our review reflects that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the challenged sentence is purely de novo without the presumption of correctness. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see also Carter, 254 S.W.3d at 344-45.

In conducting a de novo review of a sentence, this Court must consider (a) the evidence adduced at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and

characteristics of the criminal conduct involved; (e) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; (f) any statistical information provided by the Administrative Office of the Courts as to Tennessee sentencing practices for similar offenses; and (g) any statement the defendant wishes to make in the defendant's own behalf about sentencing. Tenn. Code Ann. § 40-35-210(b); see also Carter, 254 S.W.3d at 343; State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002).

## A. Consecutive Sentencing

Tennessee Code Annotated section 40-35-115(b) provides that a trial court may, in its discretion, order sentences to run consecutively if it finds any one of the following criteria by a preponderance of the evidence:

(1) The defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood;

(2) The defendant is an offender whose record of criminal activity is extensive;

(3) The defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6) The defendant is sentenced for an offense committed while on probation; or

(7) The defendant is sentenced for criminal contempt.

These criteria are stated in the alternative; therefore, only one need exist to support the appropriateness of consecutive sentencing.

The trial court found that "[t]he [D]efendant is an offender whose record of criminal activity is extensive" and ordered that his two felony convictions be served consecutively. The Defendant argues that consecutive sentencing was inappropriate because his criminal record consists only of misdemeanors. However, Tennessee Code Annotated section 40-35-115(b)(2) does not specify that only a defendant's felony record may be taken into account. Indeed, this Court has found that the imposition of consecutive sentences was justified when a defendant's record of criminal activity consisted only of misdemeanors. See State v. James Clifford Wright, No. 01C01-9811-CC-00476, 1999 WL 994055, at *3 (Tenn. Crim. App., Nashville, Oct. 29, 1999) (upholding the imposition of consecutive sentences and finding that a defendant's record of criminal activity was extensive because he had two convictions for driving under the influence, was convicted of driving while his license was suspended, and had a conviction for speeding); State v. Mark Crites, No. 01C01-9711-CR-00512, 1999 WL 61053, at *6 (Tenn. Crim. App., Nashville, Feb. 9, 1999) (finding that the defendant's forty-four prior misdemeanor convictions supported consecutive sentencing based on the defendant's extensive record of criminal activity). In the instant case, the thirty-three-year-old Defendant had eleven previous misdemeanor convictions, plus three violations of his probation. We uphold the trial court's decision to impose consecutive sentences based on the Defendant's extensive record of criminal activity. The Defendant is not entitled to relief on this issue.

### B. Excessive Sentence and Weight of Mitigating and Enhancement Factors
The Defendant's conduct occurred subsequent to the enactment of the 2005 amendments to the Sentencing Act, which became effective June 7, 2005. The amended statute no longer imposes a presumptive sentence. Carter, 254 S.W.3d at 343. As further explained by our supreme court in Carter,

> the trial court is free to select any sentence within the applicable range so long as the length of the sentence is "consistent with the purposes and principles of [the Sentencing Act]." [Tenn. Code Ann.] § 40-35-210(d). Those purposes and principles include "the imposition of a sentence justly deserved in relation to the seriousness of the offense," [Tenn. Code Ann.] § 40-35-102(1), a punishment sufficient "to prevent crime and promote respect for the law," [Tenn. Code Ann.] § 40-35-102(3), and consideration of a defendant's "potential or lack of potential for . . . rehabilitation," [Tenn. Code Ann.] § 40-35-103(5).

Id. (footnote omitted).

The 2005 Amendment to the Sentencing Act deleted appellate review of the weighing of the enhancement and mitigating factors, as it rendered these factors merely advisory, as opposed to binding, upon the trial court's sentencing decision. Id. Under current sentencing law, the trial court is nonetheless required to "consider" an advisory sentencing guideline that is relevant to the sentencing determination, including the application of enhancing and mitigating factors. Id. at 344. The trial court's weighing of various mitigating and enhancing factors is now left to the trial court's sound discretion. Id. Thus, the 2005 revision to Tennessee Code Annotated section 40-35-210 increases the amount of discretion a trial court exercises when imposing a sentencing term. Id. at 344.

To facilitate appellate review, the trial court is required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. See id. at 343; State v. Samuels, 44 S.W.3d 489, 492 (Tenn. 2001). If our review reflects that the trial court applied inappropriate mitigating and/or enhancement factors or otherwise failed to follow the Sentencing Act, the presumption of correctness fails and our review is de novo. Carter, 254 S.W.3d at 345.

The Defendant asked the trial court to consider one mitigating factor: his actions neither caused nor threatened serious bodily injury. See Tenn. Code Ann. § 40-35-113(1). In his brief, the Defendant argues that the trial court "did not clearly state on the record whether or not he was considering the mitigating factor at all." Although our review of the sentencing hearing transcript indicates that the trial court did not orally state whether it was considering the mitigating factor the Defendant raised, the technical record reveals that the trial court did file written findings of fact that indicated it considered the mitigating factor. See Tenn. Code Ann. § 40-35-210(e) ("When the court imposes a sentence, it shall place on the record, *either orally or in writing*, what enhancement or mitigating factors were considered, if any, as well as the reasons for the sentence, in order to ensure fair and consistent sentencing.") (emphasis added).

In addition to considering the mitigating factor, the trial court properly applied one enhancement factor: the Defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range. See Tenn. Code Ann. § 40-35-114(1). As noted above, the Defendant had three convictions for driving under the influence, three convictions for possession of a Schedule VI controlled substance, three probation violations, as well as previous convictions for attempted forgery over $1,000, misdemeanor theft, underage consumption, illegal consumption, and public intoxication. The

Defendant contends that his sentence is excessive and that the trial court "exaggerated the weight for an enhancement factor and minimized the weight for a mitigating factor" when, for each Class E felony, it sentenced the Defendant to two years. However, as discussed above, our supreme court has held that the weight the trial court places on various enhancement or mitigating factors is not a proper basis for appeal following the 2005 amendments to the Sentencing Act. See Carter, 254 S.W.3d at 344.

Moreover, we cannot conclude that the Defendant's sentence is excessive. The sentencing range as a Range I, standard offender for a Class E felony is one to two years. In setting the length of the Defendant's sentence, the trial court considered the purposes and principles of the Sentencing Act, particularly the Defendant's potential for rehabilitation, and stated, "[The Defendant] has been given the benefit of virtually every program offered by our justice system, and it has not worked. He has participated in rehabs, he has been to jail, he has been in Drug Court. . . . I don't see any hope of rehabilitation within the alternative sentencing scheme." The trial court concluded its explanation of the Defendant's sentence by commenting, "Lingering here in the Union County jail or on an alternative sentencing scheme here locally is simply not gonna work for you." After reviewing the record, we conclude that the sentences imposed on the Defendant by the trial court were not excessive. The Defendant is not entitled to relief on this issue.

## II. Judicial Recusal

The Defendant asserts that "the trial court erred in not recusing itself due to the conflict created when the judge presided over both Drug Court proceedings and [the] Defendant's sentencing." The State contends that the Defendant has waived this issue by failing to raise a contemporaneous objection or file a motion for recusal. We must agree with the State that this issue has been waived. See Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."); cf. State v. Brent R. Stewart, No. W2009-00980-CCA-R3-CD, 2010 WL 3293920, at *4 (Tenn. Crim. App., Jackson, Aug. 18, 2010) (noting that the judge, who also participated on the Drug Court team, did not recuse himself, *despite the defendant's urging*, and ordering that the defendant have a new probation revocation hearing in front of a different judge). Thus, the Defendant is not entitled to relief on this issue.

### Conclusion

Based on the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____
DAVID H. WELLES, JUDGE